## WILLIAM G. LEWIS *vs.* JOSEPH G. BANNISTER.

A bill of sale cannot be impeached or avoided by the seller's creditors, or by an officer attaching it in their behalf, on the ground of duress.

ACTION OF TORT against a deputy of the sheriff of Norfolk, for the conversion of a horse attached by the defendant as the property of George C. Riedell.

At the trial in the superior court of Suffolk at May term 1859, the plaintiff gave in evidence a bill of sale of the horse from Riedell to him. The defendant offered evidence that this bill of sale was extorted from Riedell against his will by the plaintiff by falsely and maliciously threatening to accuse Riedell of larceny. But *Nash,* J. excluded the evidence; and ruled "that a contract made under duress was not void, but voidable only; and the right to avoid the contract on that ground was personal to Riedell, and could not be taken advantage of by attaching creditors or by the defendant as representing them." The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*S. J. Thomas,* for the defendant.

*I. W. Richardson,* for the plaintiff.

MERRICK, J. The exceptions taken by the defendant cannot be sustained. He is undoubtedly correct in assuming that no action can be maintained to recover a demand or a claim for damages on account of an alleged unlawful conversion of property, if to establish it the plaintiff requires aid from an illegal transaction, or is under the necessity of showing, or depending in any degree upon, an illegal agreement, to which he himself had been a party. But the error, under the influence of which he supposes that the evidence offered by him was admissible, consists in the misapplication of this familiar principle of law. In the present case, the plaintiff was under no such necessity. He had only to show the written contract of sale, to establish his title to the horse which was attached by the defendant. It was the latter who sought to avoid the contract by showing that it

was obtained under circumstances which deprived the plaintiff of the right to avail himself of it. *Welch* v. *Wesson,* 6 Gray, 505.

The vendor might undoubtedly have relieved himself from the contract, and have shown that it was not entitled to have any legal effect, by proof that it was obtained from him by duress, or by other unlawful means. 2 Kent Com. (6th ed.) 453. But that is his personal privilege and right. He may allow the contract to stand, if he chooses so to do. Neither strangers nor any of his creditors have the like right; and therefore the defendant cannot justify his detention and conversion of the horse which was sold to the plaintiff by Riedell, on the ground that the seller could for himself have successfully resisted any claim of right or title which might have been asserted under the contract. And consequently the evidence offered by him to prove that it was obtained by the plaintiff from Riedell by duress was rightly excluded. *Exceptions overruled.*